UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL JONES**                                          Case No.

          **Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA**

A Foreign Corporation,

          **Defendant.**

## COMPLAINT

The Plaintiff, Michael Jones, by and through undersigned counsel, hereby sues UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Mr. Jones was covered under a policy of long-term disability insurance through the Defendant, UNUM.

5. UNUM is a foreign corporation doing business in Seffner, Florida.

6. At all times material hereto, Mr. Jones was covered under an employee

welfare benefit plan sponsored by his employer, which provided long-term disability benefits through a policy of long-term disability insurance funded and administered by UNUM. A copy of the policy of long-term disability insurance relating to same as well as other valuable benefits are attached hereto as Exhibit "A."

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. The policy of long-term disability insurance attached hereto as Exhibit "A" is both underwritten and administered by UNUM, which was the fiduciary of the employee benefits plan established by Mr. Jones' employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

9. Defendant UNUM is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

10. Defendant UNUM makes the final decision to deny claims under the policies of disability insurance providing benefits to Mr. Jones and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between UNUM's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

11. Defendant UNUM has a serious conflict of interest and bears the burden of establishing that its decision was not arbitrary or capricious.

12. Defendant UNUM has failed to apply the provisions of the plan consistently with respect to similarly situated claimants.

13. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

14. Defendant has changed the stated basis of its denial between the initial notice of denial and final decision on appeal, "mending the hold" in violation of 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

15. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

16. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein.

17. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b)(2), 29 CFR 2560.503-1(b)(5), 29 CFR 2560.503-1(h), 29 CFR 2560.503-1(f)(3), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h)(3)(1) and (ii), and 29 CFR 2560.503-1(I)(1) in its administration of Plaintiff's claim.

18. Plaintiff has exhausted his administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

19. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against UNUM

20. Plaintiff realleges and reavers paragraphs 1 through 19 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

21. Mr. Jones was and is "disabled," as the term was defined by the long-term disability insurance policy funded and administered by UNUM at all times material hereto.

22. Defendant UNUM has failed and refused to pay the Plaintiff, Mr. Jones, sums due pursuant to the disability insurance policy funded and administered by UNUM, at all times material hereto by improperly calculating the amount of his disability benefit.

23. Defendant UNUM has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1, by, inter alia, taking over twice the permitted time to render a decision on her claim, despite repeated request for a final decision.

24. The Plaintiff, Mr. Jones, is accordingly entitled to present evidence of his right to his benefits under the de novo standard to this Honorable Court.

25. The Plaintiff, Mr. Jones is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Jones, prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for benefits due pursuant to the contract long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to

29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against UNUM

26.  Plaintiff realleges and reavers paragraphs 1 through 19 of this Complaint, incorporating the same by reference as if specifically restated therein.

27.  Mr. Jones is entitled to long-term disability coverage under terms of the contract for long-term disability insurance funded by insurance premiums paid to UNUM which is the subject of this action.

28.  Defendant UNUM has denied that Mr. Jones is entitled to long-term disability insurance benefits under terms of the contract for long-term disability insurance funded by insurance premiums paid to UNUM which is the subject of this action by improperly calculating the amount of his long-term disability benefit.

29.  Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to UNUM.

30.  The Plaintiff, Mr. Jones is entitled to a declaration that his long-term disability insurance benefits are payable under the terms of the contract of long-term disability insurance which is the subject of this action at 60% of his full-time wages, and is entitled to present evidence of her disability to this effect under the de novo standard.

31.  The Plaintiff, Mr. Jones is entitled to recover attorney's fees as authorized by

29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Jones prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by UNUM LIFE INSURANCE COMPANY OF AMERICA pursuant to 29 U.S.C. §1132 (a)(1)(B), together with interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as this Honorable Court may deem just and proper.

Respectfully submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**THE LAW OFFICES OF WILLIAM S. COFFMAN, JR.**
8910 N. Dale Mabry, Suite 36
Tampa, Florida 33614
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff